## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**ALEXIS PARKER** and **LATISHA RHODES**,
*Individually and On Behalf of All Others Similarly Situated*,

                    Plaintiffs,

  v.

**IAS LOGISTICS DFW, LLC** d/b/a **PINNACLE LOGISTICS**,

                  Defendant.

Civil Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiffs Alexis Parker and Latisha Rhodes, individually and on behalf of all others similarly situated, by and through their attorneys, hereby submit this Collective and Class Action Complaint against Defendant IAS Logistics DFW, LLC d/b/a Pinnacle Logistics, and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.     Plaintiffs Alexis Parker and Latisha Rhodes bring this action for themselves and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.     Plaintiff Alexis Parker also brings this action for herself and all other similarly situated Illinois Rule 23 class members to recover unpaid wages including overtime pay, liquidated (treble) damages, statutory monthly damages penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Illinois Minimum Wage Law, 820 Ill. Comp.

Stat. 105/1, *et seq*. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA").

3.  Plaintiff Latisha Rhodes also brings this action for herself and all other similarly situated Maryland Rule 23 class members to recover unpaid wages including overtime pay, treble damages and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401, *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501, *et seq*.

4.  Defendant "is a leading provider of trucking and aviation services across the United States" providing a range of logistic and ground support equipment leasing services including local delivery, warehouse management, loading and unloading cargo aircraft, etc.[1]

5.  Plaintiffs and the putative FLSA collective and Rule 23 class members are hourly-paid workers subject to Defendant's unlawful common policies and practices which included:

    a.  implementing a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" even though the workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals, *see* 29 C.F.R. § 785.19,  thus failing to pay the workers for all hours worked; and

    b.  failing to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions); 778.203 ("If the premium rate is less

---

[1] *See* Defendant's website: https://www.pinnaclelogistics.com/about-us/ (last accessed August 27, 2020).

than time and one-half, the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due…."); 778.207(b) ("The [FLSA] requires the inclusion in the regular rate of such extra premiums as nightshift differentials.").

6.     As a result, Defendant violated its statutory and contractual obligations by failing to pay the workers including Plaintiffs for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty per week.

7.     Plaintiffs Alexis Parker and Latisha Rhodes assert the FLSA claims on behalf of a putative nationwide FLSA collective, defined as:

> *All hourly-paid employees of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8.     Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid workers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

9.     Plaintiff Alexis Parker asserts the IMWL and IWPCA claims on behalf of a putative Illinois class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid employees of Defendant in the State of Illinois at any time during the applicable statutory period for the Illinois law claims alleged in this Complaint.*

10.     Plaintiff Latisha Rhodes asserts the MWHL and MWPCL claims on behalf of a putative Maryland class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid employees of Defendant in the State of Maryland at any time during the applicable statutory period for the Maryland law claims alleged in this Complaint.*

11.     Defendant has willfully and intentionally committed widespread violations of the above-

described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims and employment with Defendant.

14.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

15.     This Court has personal jurisdiction over Defendant because it conducted business within and engaged in systematic and continuous contacts with the State of Illinois.

16.     Venue is proper in this District because a substantial portion of the events that give rise to the asserted claims occurred in this District.

## THE PARTIES

17.     Defendant IAS Logistics DFW, LLC, doing business as Pinnacle Logistics, is a for profit entity created and existing under and by virtue of the laws of the State of Delaware.

18.     According to its website, Defendant maintains headquarters at 111 W 4th Street, Suite 301, Fort Worth, TX 76102 "[w]ith a network of13 service locations".[2]

19.     According to the Illinois Secretary of State website, Defendant has the following Registered Agent: Cogency Global Inc., 600 South Second St, Suite 404, Springfield , IL 62704. *See* **Exhibit 1**, a true copy of the entity search result from the Illinois Secretary of State website.

---

[2] *See* Defendant's website: https://www.pinnaclelogistics.com/network/ (last accessed August 27, 2020).

20.     IAS Logistics DFW, LLC has two members: Harry Combs ("Combs") and Everett Wheeling ("Wheeling").

21.     Combs is a citizen of the State of Colorado and Wheeling is a citizen of the State of Texas.

22.     Plaintiff Alexis Parker ("Parker") is a resident of the County of Winnebago and State of Illinois.

23.     Parker was employed by Defendant as an hourly-paid employee from approximately November 2019 to May 2020 when Amazon assumed the operation of Defendant's Illinois facility.

24.     Parker was employed by Defendant as a warehouse agent.

25.     The position of warehouse agent has been classified at all times material to this Complaint as non-exempt.

26.     Parker was employed by Defendant at its Rockford, Illinois location.

27.     Parker's hourly rate was $16 when she was separated from the company.

28.     Parker's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 2**.

29.      Plaintiff Latisha Rhodes ("Rhodes") is a resident of the City of Baltimore and State of Maryland.

30.     Rhodes was employed by Defendant as an hourly-paid employee from approximately August 2019 to April 2020 when Amazon assumed the operation of Defendant's Maryland facility.

31.     Rhodes was employed by Defendant as a warehouse agent.

32.     Rhodes was employed by Defendant at its Baltimore, Maryland location.

33.     Rhodes' hourly rate was $15 when she was separated from the company.

34.     Rhodes's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 3**.

## **FACTUAL ALLEGATIONS**

35.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

36.     At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

37.     At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

38.     At all relevant times alleged herein, Defendant were/are the "employer" of the Plaintiffs and the putative collective/class members within the meaning of 29 U.S.C § 203(d), 820 Ill. Comp. Stat. 105/3(c), 820 Ill. Comp. Stat. 115/2, and Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401 and 3-501.

39.     Defendant knowingly "suffered or permitted" Plaintiffs and the putative collective/class members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g), 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2.

40.     Defendant hired the Plaintiffs and the putative collective/class members and determined the rate and method of the payment of their wages.

41.     Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiffs and the putative collective/class members.

42.     At all relevant times alleged herein, Plaintiffs and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA and IMWL, IWPCA, MWHL and MWPCL.

43.     Defendant paid Plaintiffs and the putative collective/class members on an hourly basis.

44.     An implied-in-fact agreement existed between Defendant and Plaintiffs and the putative collective/class members that they were to be compensated for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system.

45.     Plaintiffs worked over forty (40) hours in several workweeks.

46.     In several workweeks, management required Plaintiffs and the putative collective/class members to perform work over forty (40) hours per week.

47.     Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals, *see* 29 C.F.R. § 785.19,  thus failing to pay the workers for all hours worked.

48.     Due to daily workload and time constrictions on inbound and/or outbound schedules, Plaintiffs and the putative collective/class members often worked through their shifts without taking *bona fide* meal breaks.

49.     On several occasions, management did not allow Plaintiffs and the putative collective/class members to take meal breaks.

50.     Even though Plaintiffs and the putative collective/class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay, thus shorting the workers' earned wages.

51.     Defendant failed to compensate Plaintiffs and the putative collective/class members for

all hours worked.

52.    In addition, to the extent that Defendant paid the workers overtime wages, it failed to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions); 778.203 ("If the premium rate is less than time and one-half, the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due…."); 778.207(b) ("The [FLSA] requires the inclusion in the regular rate of such extra premiums as nightshift differentials.").

53.    For example, attached as **Exhibit 4** is Ms. Parker's paystub for the pay period of March 29, 2020 to April 11, 2020; the paystub shows Defendant paid the workers on a bi-weekly basis.

54.    The paystub shows the Defendant's policy of *automatically* deducting thirty minutes for shifts where Ms. Parker clocked in 7 or more hours and deducting one hour where Ms. Parker clocked in 10 or more hours. **Exhibit 4.**

55.    Ms. Parker worked through her shifts without taking *bona fide* meal breaks during this pay period, yet Defendant deducted, yet Defendant applied automatic deductions of pay and shorted her earned wages. **Exhibit 4.**

56.    Defendant paid the workers extra compensation for weekend shifts and night shifts. **Exhibit 4.**

57.    The paystub shows Defendant failed to factor in compensation for weekends shifts and nightshift differentials in the *regular rate of pay* upon computing overtime rate: the overtime premium was paid at an incorrect rate of $21 (1.5 times the regular hourly rate $14) instead of a

higher rate that incorporated additional pay for weekend and night shifts. **Exhibit 4**; 29 C.F.R. § 785.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by [her] in that workweek for which such compensation was paid.").

58. Defendant violated its statutory and contractual obligations by failing to pay Plaintiffs and the putative collective/class members for all hours worked including straight time and overtime wages at a rate of not less than one and one-half (1.5) times the *regular rate of pay* for hours worked in excess of forty per week.

59. Plaintiffs and the putative collective/class members were subjected to the common unlawful policies and practices of Defendant as stated herein that violated the FLSA and IMWL, IWPCA, MWHL and MWPCL.

60. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

61. Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

63. Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which shorted overtime wages, in violation

of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

64.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid employees of Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

65.     Plaintiffs bring this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66.     The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

67.     Plaintiffs seek to send Notice to all similarly situated hourly-paid workers as provided by 29 U.S.C. § 216(b) and supporting case law.

68.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

69.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

70.     Plaintiffs and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

71.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

72.     Plaintiffs also seek to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices of shorted straight time and overtime wages, in violation of the IMWL, IWPCA, MWHL and MWPCL.

73.     Plaintiff Parker brings this Rule 23 class action on behalf of the following Illinois class:

> *All hourly-paid employees of Defendant in the State of Illinois at any time during the applicable statutory period for the Illinois law claims alleged in this Complaint.*

Plaintiff reserves the right to amend this definition as necessary.

74.     The Illinois Rule 23 class seeks to recover up to treble damages of unpaid wages, statutory monthly damages penalty, and reasonable attorneys' fees and costs under the IMWL and IWPCA.

75.     Plaintiff Rhodes brings this Rule 23 class action on behalf of the following Maryland class:

> *All hourly-paid employees of Defendant in the State of Maryland at any time during the applicable statutory period for the Maryland law claims alleged in this Complaint.*

Plaintiff reserves the right to amend this definition as necessary.

76.     The Maryland Rule 23 class seeks to recover treble damages of unpaid wages and reasonable attorneys' fees and costs under the MWHL and MWPCL.

77.     The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiffs reasonably estimates that there are a substantial number of class members in the States of Illinois and Maryland. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

11

78.    There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

79.    Plaintiffs' claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic pay policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of shorting workers' wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

80.    Plaintiffs were employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, shorting workers' wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

81.    Plaintiffs will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiffs and their counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

82.    Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs' claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiffs

and their counsel know of no unusual difficulties in this case.

83. Plaintiffs and the Rule 23 class members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### (Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)
### Failure to Pay Overtime Wages

84. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

85. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

86. Defendant employed Plaintiffs and the FLSA collective members as hourly-paid workers.

87. In several workweeks, Plaintiffs and the FLSA collective members worked over forty (40) hours a week.

88. Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

89. Plaintiffs and the FLSA collective members often worked through their shifts without taking *bona fide* meal breaks.

90. On several occasions, management did not allow Plaintiffs and the FLSA collective members to take meal breaks.

91. Even though Plaintiffs and the FLSA collective members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay.

92.     Defendant failed to compensate Plaintiffs and the FLSA collective members for all hours worked.

93.     In addition, Defendant failed to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed.

94.     As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiffs and the FLSA collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the *regular rate of pay* for hours worked in excess of forty (40) per week.

95.     Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

96.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

97.     As a result of Defendant's uniform policies and practices described above, Plaintiffs and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**Violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.***
**(Brought by Plaintiff Parker Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Overtime Wages**

98.     Plaintiffs repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

99.     The IMWL requires employers to pay their employees minimum wages and time-and-a-

14

half their regular rate of pay of hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

100.    Defendant employed the Illinois Plaintiff and Rule 23 class members as hourly-paid workers.

101.    In several workweeks, the Illinois Plaintiff and Rule 23 class members worked over forty (40) hours a week.

102.    Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

103.    The Illinois Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

104.    On several occasions, management did not allow the Illinois Plaintiff and Rule 23 class members to take meal breaks.

105.    Even though the Illinois Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay.

106.    Defendant failed to compensate the Illinois Plaintiff and Rule 23 class members for all hours worked.

107.    In addition, Defendant failed to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed.

108.    As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay the Illinois Plaintiff and Rule 23 class members the required overtime compensation at a rate of not less than one and one-half (1.5) times the *regular rate of pay* for

hours worked in excess of forty (40) per week.

109.     820 Ill. Comp. Stat. 105/12(a) provides that an employee who is not paid in accordance with the IMWL "may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

110.     Defendant owes the Illinois Plaintiff and Rule 23 class members wages for hours worked that were not compensated.

111.     Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

112.     As a result of Defendant's uniform policies and practices described above, the Illinois Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages of such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs and other compensation under the IMWL.

### THIRD CLAIM FOR RELIEF
**Violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1,** *et seq.*
**(Brought by Plaintiff Parker Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Straight Time Wages**

113.     Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

114.     Defendant employed the Illinois Plaintiff and Rule 23 class members as hourly-paid workers.

115.     An implied-in-fact agreement existed between Defendant and the Illinois Plaintiff and Rule 23 class members that they were to be compensated for all hours worked during their

employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system.

116.    Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

117.    The Illinois Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

118.    On several occasions, management did not allow the Illinois Plaintiff and Rule 23 class members to take meal breaks.

119.    Even though the Illinois Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay.

120.    Defendant failed to compensate the Illinois Plaintiff and Rule 23 class members for all hours worked.

121.    Defendant owes the Illinois Plaintiff and the Rule 23 class members wages for hours worked that were not compensated.

122.    820 Ill. Comp. Stat. 115/14 provides that "[a]ny employee not timely paid wages, final compensation, or wages supplements by his or her employer … shall be entitled to recover … in a civil action … the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

123.    As a result of Defendant's uniform policies and practices described above, the Illinois

Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs and other compensation pursuant to the IWPCA.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Maryland Wage and Hour Law**
**(Brought by Plaintiff Rhodes Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Overtime Time Wages**

124.    Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

125.    The MWHL requires each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage.  Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.

126.    Defendant employed the Maryland Plaintiff and Rule 23 class members as hourly-paid workers.

127.    In several workweeks, the Maryland Plaintiff and Rule 23 class members worked over forty (40) hours a week.

128.    Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

129.    The Maryland Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

130.    On several occasions, management did not allow the Maryland Plaintiff and Rule 23 class members to take meal breaks.

131.    Even though the Maryland Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay.

132. Defendant failed to compensate the Maryland Plaintiff and Rule 23 class members for all hours worked.

133. In addition, Defendant failed to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed.

134. Defendant failed and refused to compensate the Maryland Plaintiff and Rule 23 class properly as required by law for numerous overtime hours worked.

135. As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay the Maryland Plaintiff and Rule 23 class members the required overtime compensation at a rate of not less than one and one-half (1.5) times the *regular rate of pay* for hours worked in excess of forty (40) per week.

136. Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

137. As a result of Defendant's uniform policies and practices described above, the Maryland Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation under the MWHL.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Maryland Wage Payment and Collection Law**
**(Brought by Plaintiff Rhodes Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Straight Time and Overtime Time Wages**

138. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint, as if fully set forth herein.

139. Defendant employed the Maryland Plaintiff and Rule 23 class members as hourly-paid workers.

140.    An implied-in-fact agreement existed between Defendant and the Maryland Plaintiff and Rule 23 class members that they were to be compensated for all hours worked during their employment with Defendant, as evidenced by Defendant paying them an hourly rate of pay, furnishing paystubs showing agreed hourly rates and instructing them to use Defendant's time-keeping system.

141.    In several workweeks, the Maryland Plaintiff and Rule 23 class members worked over forty (40) hours a week.

142.    Defendant implemented a company-wide policy of automatically deducting thirty minutes to one hour of pay for "meal break" irrespective of whether its workers worked through their shifts and did not receive uninterrupted *bona fide* meal breaks.

143.    The Maryland Plaintiff and Rule 23 class members often worked through their shifts without taking *bona fide* meal breaks.

144.    On several occasions, management did not allow the Maryland Plaintiff and Rule 23 class members to take meal breaks.

145.    Even though the Maryland Plaintiff and Rule 23 class members did not take *bona fide* meal breaks during the work shifts, Defendant deducted thirty minutes to one hour of pay.

146.    Defendant failed to compensate the Maryland Plaintiff and Rule 23 class members for all hours worked.

147.    In addition, Defendant failed to include compensation for weekends shifts and nightshift differentials in the workers' *regular rate of pay* before statutory overtime compensation is computed.

148.    As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay the Maryland Plaintiff and Rule 23 class members the required straight

20

time and overtime wages.

149.    Defendant have failed and continue to fail to pay the Maryland Plaintiff and Rule 23 class members earned wages, which are due and owing to them.

150.    Section 3-501(c) of MWPCL defines wages as including all compensation that is due to an employee for employment including all straight time and overtime wages.

151.    Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

152.    Defendant violated Section 3-502 of the MWPCL by failing to pay the Maryland Plaintiff and Rule 23 class members earned straight time and overtime wages on time.

153.    Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."'

154.    Defendants violated Section 3-505 by failing to pay the Maryland Plaintiff and Rule 23 class members their straight time and overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the MWPCL.

155.    The aforesaid actions and/or omissions of defendant are in contravention of the MWPCL.

156.    As a result of Defendant's uniform policies and practices described above, the Maryland Plaintiff and Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages, reasonable attorneys' fees, costs and other compensation under the MWPCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief

against Defendant, as follows:

(A)     A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendants' policies and practices alleged herein violate the IMWL and IWPCA;

(C)     A declaratory judgment that Defendants' policies and practices herein violate the MWHL and MWPCL.

(D)     An Order for injunctive relief ordering Defendant to comply with the FLSA, IMWL, IWPCA, MWHL and MWPCL and end all of the illegal wage practices alleged herein;

(E)     Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(F)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the IMWL and IWPCA claims set forth herein;

(G)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the MWHL and MWPCL claims set forth herein;

(H)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(I)     Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate

in this lawsuit;

(J)     Designating Lead Plaintiff as the representatives of the FLSA collective in this action;

(K)     Designating the Illinois Lead Plaintiff as the representative of the Illinois Rule 23 class in this action;

(L)      Designating the Maryland Lead Plaintiff as the representative of the Maryland Rule 23 class in this action;

(M)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Classes in this action;

(N)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(O)     Judgment for treble damages of unpaid wages and statutory monthly damages penalties to which the Illinois Plaintiff and Rule 23 class members are lawfully entitled under the IMWL;

(P)     Judgment for damages including unpaid wages and statutory monthly damages penalties to which the Illinois Plaintiff and Rule 23 class members are lawfully entitled under the IWPCA;

(Q)     Judgment for damages including all unpaid wages and liquidated damages to which the Maryland Plaintiff and Rule 23 class members are lawfully entitled under the MWHL;

(R)     Judgment for treble to which the Maryland Plaintiff and Rule 23 class members are lawfully entitled under the MWPCL;

(S)     An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective and Rule 23 classes in this action;

(T)     An Order directing Defendant to pay Plaintiffs and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA, IMWL,

IWPCA, MWHL and MWPCL.

(U)     Judgment for any and all civil penalties to which Plaintiffs and members of the collective/class may be entitled; and

(V)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through undersigned counsel, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: August 31, 2020                              Respectfully submitted,


                                         By:     /s/ *Jason T. Brown*
                                                 Jason T. Brown
                                                 **BROWN, LLC**
                                                 205 North Michigan Avenue, Suite 810
                                                 Chicago, Illinois 60601
                                                 Telephone: (877) 561-0000
                                                 Facsimile: (855) 582-5297
                                                 E-Mail: jtb@jtblawgroup.com

                                                 *Attorneys for Plaintiffs*