IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Alexis Parker and Latisha Rhodes,** ) | |
|       **Plaintiffs,** ) | |
| ) | No. 20 C 5103 |
| **v.** ) | |
| ) | Judge Ronald A. Guzmán |
| **IAS Logistics DFW, LLC, d/b/a** ) | |
| **Pinnacle Logistics,** ) | |
|       **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [36] is denied. Defendant's motion to dismiss for failure to state a claim is denied, and its motion to dismiss for lack of personal jurisdiction is denied without prejudice to renewal after the Court rules on the conditional certification issue.

## STATEMENT

Alexis Parker and Latisha Rhodes filed suit against IAS Logistics DFW, LLC, d/b/a Pinnacle Logistics, for the following purported wage-and-hour violations: (1) Pinnacle automatically deducted pay for meal breaks that were not taken; and (2) Pinnacle failed to account for shift-differential pay when calculating overtime. Plaintiffs bring suit both as a nationwide collective action under the Fair Labor Standards Act ("FLSA") and as representatives for putative Rule 23 classes for alleged violations of Illinois and Maryland wage-and-hour laws.[1] Pinnacle contends that the Court lacks personal jurisdiction over Pinnacle with respect to the class-action claims alleged by Rhodes, the Maryland Plaintiff, and the claims against Pinnacle alleged by non-Illinois FLSA opt-in plaintiffs.

The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Deneen v. Wyndham Vacation Resorts, Inc.*, No. 19 C 5499, 2020 WL 704793, at *1 (N.D. Ill. Feb. 12, 2020). "General jurisdiction is 'all-purpose'; it exists only 'when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697-98 (7th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)) (brackets and internal citation omitted). A corporation is "at home" in the state of its principal place of business and the state of its incorporation. *Id.* at 698. Pinnacle is incorporated in Delaware with its principal place of business in Texas. Plaintiff Parker worked at its one warehouse in Rockford, Illinois, which is now closed. Plaintiffs do not argue that the Court has general

---

[1] Parker worked in Pinnacle's Illinois facility while Rhodes worked in its Maryland location.

jurisdiction over Pinnacle, so the argument is waived. Even if the argument were not waived, general jurisdiction over Pinnacle does not exist in this Court. *See BNSF Ry. v. Tyrell*, 137 S. Ct. 1549, 1559 (2017) (finding that railway, which was a Delaware corporation with its principal place of business in Texas, was not subject to general jurisdiction in Montana despite maintaining over 2,000 miles of railroad track and employing more than 2,000 workers in that state because it was not "at home" for purposes of defending claims there).

"Adjudicatory authority is 'specific' when the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011) (citation omitted). To establish specific personal jurisdiction, it is the defendant's "suit-related" conduct that must create the substantial connection with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014). "Specific personal jurisdiction grows out of 'the relationship among the defendant, the forum, and the litigation.'" *Monco v. Zoltek Corp*., 342 F. Supp. 3d 829, 832 (N.D. Ill. 2018) (citation omitted). With respect to a Rule 23 class action, the Seventh Circuit recently noted that "[t]he rules for class certification support a focus on the named representative for purposes of personal jurisdiction." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 448 (7th Cir. 2020). Plaintiffs acknowledge that their arguments in favor of personal jurisdiction "carry less force with respect to named Plaintiff Rhodes, who worked entirely in Maryland," and thus, do not oppose the Court dismissing her individual and class claims under Maryland law; accordingly, those claims are dismissed.

With respect to the non-Illinois opt-in plaintiffs, Pinnacle asserts that specific jurisdiction is lacking, citing *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S. Ct. 1773 (2017). In *Bristol-Myers*, the Supreme Court concluded that in a mass-tort action brought in California state court, the state courts lack personal jurisdiction over claims brought by out-of-state plaintiffs against an out-of-state defendant. The Supreme Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id*. at 1784.

The Seventh Circuit recently distinguished a Rule 23 class action under the Telephone Consumer Protection Act from the mass-tort action in *Bristol-Myers*, holding that "[i]n a Rule 23 class action . . . the lead plaintiffs earn the right to represent the interests of absent class members . . . [, who] are not full parties to the case for many purposes," including the personal jurisdiction analysis. *Mussat,* 953 F.3d at 447. Thus, the *Mussat* court concluded, the "the principles announced in *Bristol-Myers* do not apply to the case of a nationwide class action filed in federal court under a federal statute"; instead, in the Rule 23 context, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Id*. at 443, 447.

The question remains whether the rationale of *Bristol-Myers* applies to a nationwide *collective* action filed in federal court under a federal statute, the FLSA. The issue has resulted in a nationwide district-court split. Pinnacle contends that because opt-in plaintiffs are considered parties to an FLSA lawsuit, they must be able to demonstrate personal jurisdiction over Pinnacle with respect to their claims. *See Weirbach v. Cellular Connection, LLC*, No. 19 C 05310, 2020 WL 4674127, at *5 (E.D. Pa. Aug. 12, 2020) ("The FLSA makes opt-ins parties to

2

the lawsuit. The statute states that no 'employee shall be a *party* plaintiff to any such action unless he gives his consent in writing to become such a *party* and such consent is filed in the court in which such action is brought.'") (citation omitted; emphasis in *Weirbach*). Because the non-Illinois opt-in plaintiffs in this case cannot do so, Pinnacle argues, their claims must be dismissed for lack of personal jurisdiction.

Other courts, however, have concluded that *Bristol-Myers* does not apply to FLSA collective actions because requiring out-of-state opt-ins to establish that the forum court can exercise personal jurisdiction over their claims would contravene the intent of Congress in enacting the FLSA, which was to "address employment practices nationwide" and "limit duplicative lawsuits where numerous employees have been harmed by the same employers." *Waters v. Day & Zimmermann NPS, Inc.*, 464 F. Supp. 3d 455, 461 (D. Mass. 2020), *motion to certify appeal granted,* 2020 WL 4754984 (D. Mass. Aug. 14, 2020).[2]

The language in *Mussat* distinguishing nationwide Rule 23 class actions filed in federal court under federal law from a mass-tort action based in state law appears to indicate that the Seventh Circuit would agree that *Bristol-Myers* also does not apply here – provided that class actions and collective actions are deemed to be sufficiently similar for the personal-jurisdiction analysis. In that regard, it is worth noting that the Seventh Circuit has commented on the similarity of standards used in certifying collective and class actions. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) ("[T]he provisions of Rule 23 are intended to promote efficiency as well, and in that regard are as relevant to collective actions as to class actions.").

However, simply because collective and class actions may have similar standards for certification does not mean they are the same for other purposes; as the Supreme Court has noted, Rule 23 actions are "fundamentally different" from collective actions under the FLSA. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). As already described, the *Mussat* court specifically distinguished the case before it from *Bristol-Myers* on the ground that Rule 23 named plaintiffs act in a representative capacity to unnamed class members and are therefore the

---

[2] At least one court has persuasively addressed the policy objections to applying *Bristol-Myers* to the FLSA as follows:

> District courts have also suggested that imposing a territorial limit on FLSA cases is at odds with Congress's purpose in enacting the statute. The Court disagrees, for two reasons. First, nothing about a territorial limit prevents a nationwide collective action. The plaintiff just has to file the case where the defendant is at home. . . . In addition, it is significant that Congress did not include a nationwide service of process provision in the FLSA. When Congress knows how to provide a remedy but does not do so, [c]ourts should infer that Congress's decision was intentional. In 1914, twenty-four years before passing the FLSA, Congress provided for nationwide service of process in the Clayton Act. The lack of a similar provision in the FLSA suggests that Congress intended to limit where nationwide actions can be brought.

*Weirbach*, 2020 WL 4674127, at *5 (internal citations omitted).

only parties relevant to the personal-jurisdiction analysis. *Mussat*, 953 F.3d at 447. In contrast, as noted above, the FLSA's express language refers to individuals who opt in as "parties," and at least one court has noted that "29 U.S.C. § 216(b) is a rule of joinder giving legal status to individual opt-in plaintiffs." *See McNutt v. Swift Transp. Co. of Ariz., LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *7 (W.D. Wash. July 7, 2020) (citation omitted). The significance of the party label in a collective action remains unclear; the Supreme Court may find that, for purposes of personal jurisdiction, opt-in plaintiffs in a collective action are not, in fact, parties. *See Devlin v. Scardelletti*, 536 U.S. 1, 9-10 ("The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context."). This may be particularly true when a federal claim is pending in federal court, and concerns about state courts' exercise of jurisdiction over an out-of-state defendant are absent.[3]

Plaintiffs assert that even if the opt-in plaintiffs are required but unable to establish that this Court has personal jurisdiction over them regarding this defendant, the doctrine of pendent personal jurisdiction allows Pinnacle to answer claims in this Court by individuals who are domiciled and worked out of state. *See Rice v. Nova Biomedical Corp.*, 763 F. Supp. 961, 966 (N.D. Ill. 1991), *aff'd,* 38 F.3d 909 (7th Cir. 1994) ("Under the doctrine of pendent personal jurisdiction, a court may exercise its discretion to hear claims as to which personal jurisdiction may otherwise be lacking if those claims arise out of a common nucleus of facts with claims as to which personal jurisdiction exists."); *see also Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449 (7th Cir. 2000) ("The RICO claim arises out of the same nucleus of operative fact as the securities claims; it was therefore proper for the federal court to assert personal jurisdiction over [defendant] for it as well, under the idea of pendent personal jurisdiction.").[4]

The Court need not resolve the parties' arguments on the issue of pendent personal jurisdiction at this time, however, because it concludes that the personal-jurisdiction analysis should take place after a ruling on the motion for conditional certification. *See Warren v. MBI Energy Servs., Inc.*, No. 19 C 00800, 2020 WL 5640617, at *3 (D. Colo. Sept. 22, 2020) (stating that "Defendants appear to argue that personal jurisdiction should be shoe-horned into the analysis regarding whether [the plaintiff] has made 'substantial allegations that the putative class members were together the victims of a single, decision, policy, or plan' – a review that is conducted prior to discovery and supported only by allegations in the complaint and affidavits, or that the mere issuance of notice somehow violates the Due Process Clause of the Fifth Amendment," and "reject[ing] the proposition that it should increase [the plaintiff's] burden . . . [by] preemptively limit[ing] notice at the conditional certification stage."). Accordingly,

---

[3] At least one court has recognized the policy concerns associated with concluding that out-of-state opt-in plaintiffs are relevant to the personal-jurisdiction analysis. *See Chavira v. OS Rest. Servs., LLC*, No. 18-CV-10029-ADB, 2019 WL 4769101, at *6 (D. Mass. Sept. 30, 2019) ("The Court has serious concerns regarding the implications of its ruling on the future of FLSA collective actions and acknowledges the policy arguments raised by other courts. This Court's 'obligation to follow the law as set forth in controlling precedent,' however, cannot overshadow even the most compelling policy arguments.") (citation omitted).

[4] The Court notes that the cited cases, provided by the parties, address pendent claim personal jurisdiction rather than pendent party personal jurisdiction, which is the issue before the Court.

4

Defendant's motion to dismiss for lack of personal jurisdiction is denied without prejudice to renewal after a determination on conditional certification.

       Defendant also argues that Plaintiffs have failed to state a claim for relief. To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). After reviewing the allegations, the Court concludes that Plaintiffs' allegations sufficiently apprise Defendant of the claims against it and state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (stating that to survive a motion to dismiss, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Because Plaintiffs' allegations satisfy this standard, the motion to dismiss for failure to state a claim is denied.

**Date**: January 19, 2021

                                                   **Ronald A. Guzmàn**
                                                   **United States District Judge**