IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Alexis Parker and Latisha Rhodes,** ) | |
| Plaintiffs, ) | |
| ) | No. 20 C 5103 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **IAS Logistics DFW, LLC, d/b/a** ) | |
| **Pinnacle Logistics,** ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss the claims of non-Illinois Plaintiff Latisha Rhodes and the out-of-state opt-in plaintiffs [59] is granted.

### STATEMENT

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Pinnacle contends that the Court lacks personal jurisdiction over the claims asserted by the out-of-state opt-in plaintiffs in this FLSA action. Courts may exercise personal jurisdiction only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citation omitted). Two types of personal jurisdiction exist: general and specific jurisdiction. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1779-80 (2017). The parties agree that general jurisdiction is not at issue here. As to specific jurisdiction, a court can hear those claims only if the "cause of action . . . arise[s] out of or relate[s] to" the defendant's forum-state activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

When a federal statute is at issue, "Congress' typical mode of providing for the exercise of personal jurisdiction has been to authorize service of process."[1] *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1555 (2017). The FLSA, however, does not include a provision authorizing nationwide service of process. "[A]bsent consent, a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction." *Id*. at 1556. Therefore, because nationwide service of process is not provided for in the statute, Pinnacle "is amenable to service (and hence subject to personal jurisdiction) only if it could be served in Illinois under Illinois law." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); *see also Curry v. Revolution Labs., LLC*, 949 F.3d 385,

---

[1] Rule 4(k)(1)(C) provides that service establishes personal jurisdiction "when authorized by a federal statute."

393 (7th Cir. 2020) (citing Fed. R. Civ. P. 4(k)(1)(A)).[2] Illinois's long-arm statute permits the exercise of personal jurisdiction if it would be allowed under either the Illinois Constitution or the United States Constitution," and the Seventh Circuit has "held that there is no operative difference between these two constitutional limits." *Id.*

Pinnacle's primary source of support for its contention that the Court lacks personal jurisdiction over the out-of-state opt-in plaintiffs is the United States Supreme Court's opinion in *Bristol-Myers*, 137 S. Ct. 1773. The *Bristol-Myers* case involved 678 individual product-liability claims that had been joined in a California-based mass action. *Id.* at 1778. Nearly 600 of those claims belonged to nonresidents. *Id.* To establish personal jurisdiction, the nonresidents argued that their claims resembled those of the California plaintiffs. *Id.* The Supreme Court reversed, holding that the similarity of the nonresidents' claims to those of the residents provided "an insufficient basis for jurisdiction." *Id.* at 1781. Despite having incurred the "same injuries" as the California plaintiffs in the same manner and from the same cause, the Supreme Court concluded that the nonresident plaintiffs had failed to show "a connection between the forum and the[ir] specific claims." *Id.*

The Supreme Court stated that "[s]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-84. The Seventh Circuit recently confronted this issue in the context of a Rule 23 nationwide class action under the Telephone Consumer Protection Act ("TCPA"). *Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020). The Seventh Circuit distinguished the Rule 23 TCPA action from the mass-tort suit in *Bristol-Myers*, holding that "[i]n a Rule 23 class action . . . the lead plaintiffs earn the right to represent the interests of absent class members . . . [, who] are not full parties to the case for many purposes," including the personal-jurisdiction analysis. *Id.* at 447. Thus, the *Mussat* court concluded, the "the principles announced in *Bristol-Myers* do not apply to the case of a nationwide class action filed in federal court under a federal statute"; instead, in the Rule 23 context, "the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so." *Id.* at 443, 447.

Because the determinative issue for the *Mussat* court was that the named plaintiffs act in a representative capacity in a Rule 23 nationwide class action, this Court looks to whether the same can be said for collective action opt-in plaintiffs and starts with the FLSA's express language, which states that each individual who joins an FLSA collective action is a real party in interest. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party"). One court has interpreted this language to mean that "29 U.S.C. § 216(b) is a rule of joinder giving legal status to individual opt-in plaintiffs." *See McNutt v. Swift Transp. Co. of Ariz., LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *7 (W.D. Wash. July 7, 2020) (citation omitted).

---

[2] Rule 4(k)(1)(A) provides that serving a summons establishes personal jurisdiction only over those defendants who are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

The Supreme Court has noted that "Rule 23 actions are fundamentally different" from collective actions under the FLSA, stating that "[w]hatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74, 78 (2013). "Under the FLSA, . . . , 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action"; instead, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn *become parties* to a collective action only by filing written consent with the court." *Id*. at 75 (emphasis added). "In a Rule 23 class action, by contrast, the lead plaintiffs earn the right to represent the interests of absent class members by satisfying all four criteria of Rule 23(a) and one branch of Rule 23(b)." *Mussat,* 953 F.3d at 447. The same strictures, however, do not apply to an FLSA collective. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (noting "the absence from the collective-action section of the [FLSA] of the kind of detailed procedural provisions found in Rule 23").

While an FLSA action may resemble a Rule 23 class action in the sense that representative evidence is relied upon in certifying the collective action, "one function of the procedural provisions in Rule 23 is to protect the rights of unnamed class members, who need such protection because unless they are permitted to and do opt out of the class they will be bound by the judgment or settlement. In contrast, collective actions bind only opt-ins." *Id*. The representative nature of a collective action, then, differs from that of a Rule 23 class action given that each opt-in plaintiff in a collective action is protecting his or her own interests by affirmatively agreeing to become a party.

Plaintiffs argue that the FLSA was designed to provide an efficient vehicle for resolving wage claims against employers, and that excluding out-of-state opt-ins runs counter to this goal. However, the Court retains an obligation to monitor, if requested, its jurisdiction over the parties. *See, e.g., Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) ("Even if efficiency favors sending notice to individuals who entered arbitration agreements, efficiency cannot override the court's obligations to maintain neutrality and to shield against abuse of the collective-action device."). Plaintiffs further contend that a conclusion that a court lacks personal jurisdiction over a defendant with respect to the claims of out-of-state opt-ins means an FLSA plaintiff would never be able to bring or represent a nationwide collective action other than in the defendant's home state. That may be true, but this is an issue for Congress to address; indeed, Congress amended the FLSA in response to the initial "rush of litigation" caused by early Supreme Court opinions interpreting it:

> The Supreme Court's early decisions interpreting the FLSA led to a great rush of litigation under the statute. *See generally Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 173, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989). Congress responded in the Portal-to-Portal Act of 1947, 61 Stat. 84, as amended, 29 U.S.C. §§ 251– 262, by both eliminating "representative" actions (where employees would designate another to sue on their behalf) and by adding the opt-in provision to the statute for collective actions brought by employees. The effect was to "limit[] private FLSA plaintiffs to employees who asserted claims in their own right and

3

> free[] employers of the burden of representative actions." *Hoffmann–La Roche Inc.*, 493 U.S. at 173, 110 S. Ct. 482.

*Ervin v. OS Rest. Services, Inc.*, 632 F.3d 971, 977–78 (7th Cir. 2011). Congress acts when it deems it necessary, and the absence of a provision in the FLSA allowing nationwide service of process, while not determinative, is telling. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 106 (1987) ("Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention.").

      For these reasons, the Court finds that personal jurisdiction over the defendant must exist as to each opt-in. "[I]t is difficult to come to a different conclusion given the language in *Bristol-Myers*, which is repeated twice in the opinion, to the effect that for each plaintiff, there must be an affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State." *Chavira v. OS Rest. Servs., LLC*, No. 18-CV-10029-ADB, 2019 WL 4769101, at *1 (D. Mass. Sep. 30, 2019) (internal quotation marks and citations omitted).

      The Court's conclusion is further supported by the first two circuit-court opinions to have addressed this issue, which has resulted in a nationwide split at the district-court level. Both the Sixth and Eighth Circuits have recently concluded that a district court does not have personal jurisdiction over a defendant with respect to FLSA collective-action claims brought by out-of-state opt-in plaintiffs. *See Canaday v. Anthem Cos., Inc.*, --- F.4th ---, 2021 WL 3629916, at *4 (6th Cir. Aug. 17, 2021) ("The principles animating *Bristol-Myers*'s application to mass actions under California law apply with equal force to FLSA collective actions under federal law."); *Vallone v. CJS Sols. Grp., LLC*, --- F.4th ---, 2021 WL 3640222, at *3 (8th Cir. Aug. 18, 2021) (in the context of personal jurisdiction, finding that the district "court properly excluded [FLSA] claims with no connection to Minnesota").

      Finally, for the same reasons as stated by the *Canaday* court, the Court concludes that it cannot exercise pendent personal jurisdiction over Pinnacle with respect to the claims by the non-Illinois opt-in plaintiffs or Plaintiff Rhodes, who lives and worked in Maryland. *See Canaday*, 2021 WL 3629916, at *7.

**Date**: September 9, 2021

                                                            **Ronald A. Guzmán**
                                                            **United States District Judge**