UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIS PARKER and LATISHA RHODES, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> IAS LOGISTICS DFW LLC d/b/a Pinnacle Logistics, <br><br> Defendant. | Case No. 1:20-cv-05103 <br><br> Judge Ronald A. Guzman |

**DEFENDANT'S MOTION TO MAINTAIN DOCKET NOS. 154 AND 155 UNDER SEAL OR, ALTERNATIVELY, TO REDACT PORTIONS OF DOCKET NOS. 154 and 155**

Pursuant to N.D. Ill. L.R. 5.8, Defendant, IAS Logistics DFW d/b/a Pinnacle Logistics ("Defendant"), through its attorneys, hereby files this Motion to Maintain Docket Nos. 154 and 155 under seal, or, alternatively, to redact portions of those documents, and in support states:

On or around November 2021, Plaintiffs served notice of a non-party subpoena to produce documents on non-party Worldwide Flight Services, Inc. ("WFS") relative to its acquisition of Pinnacle. Counsel for the parties thereafter met and conferred to resolve issues related to the non-party subpoena. On November 16, 2021, Plaintiffs' counsel agreed to treat as confidential information certain non-public terms relative to the acquisition of Pinnacle by WFS. *See November 16, 2021 email correspondence from David Fish to Lisa Handler Ackerman appended hereto as* **Exhibit 1**. Based upon the agreement, Pinnacle

Page 1 of 4

provided the information to Plaintiffs. Plaintiffs did not subsequently challenge or contest the confidentiality of the information provided.

The public interest in open court records does not always override the interests of litigants; public interest can be outweighed by the latters' privacy interests. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Such is the case here. Pinnacle disclosed to Plaintiffs' non-public confidential information related to its acquisition solely based upon Plaintiffs' agreement to maintain the confidentiality of the information. Nonetheless, Plaintiffs publicly filed the information without requesting a release of confidentiality from Pinnacle.

Specifically, in Plaintiffs' Response in Opposition to Defendant's Motion for Entry of a Protective Order (ECF #154 at page 14) and the Declaration of Nicholas Conlon (ECF #155 at page 3), Plaintiffs' quote from the email correspondence in which Pinnacle relayed the confidential information. The release of information includes confidential commercial and financial information of non-parties, which information Pinnacle and the non-parties have taken steps to protect from disclosure, including securing Plaintiffs' agreement to maintain the confidentiality of the information. The terms of this Court's existing Confidentiality Order (ECF #142), require maintaining the confidentiality of the information improperly published by defense counsel on (ECF #154 and 155). Accordingly, Docket Nos. 154 and 155 should be sealed or stricken and substituted with the redacted public versions of the documents appended hereto as **Exhibits 2** and **Exhibit 3**.

        Respectfully submitted,

        **IAS Logistics DFW LLC d/b/a Pinnacle Logistics, Defendant**

        By:   <u>/s/ Lisa Handler Ackerman</u>
              One of its attorneys

Lisa Handler Ackerman
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: (312) 821-6144/Facsimile: (312) 704-1522
lisa.ackerman@wilsonelser.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2022, a copy of the attached was filed electronically with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on all parties by CM/ECF Electronic Notification.

                                            /s/ Lisa Handler Ackerman